IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUAN CARLOS ESPINOZA ESTRADA,      )
                                              )
          Petitioner,            )
                                                )
      v.                      )
                                              )      1:26-cv-859 (AJT-WEF)
MARKWAYNE MULLIN, *et al.*,       )
                                                )
          Respondents.        )

## ORDER

Before the Court is Petitioner Juan Carlos Espinoza Estrada's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking release from Immigration and Customs Enforcement ("ICE") custody that began on February 4, 2026 on the grounds that his ongoing detention at Caroline Detention Facility violates the Immigration and Nationality Act (the "INA") and Petitioner's procedural and substantive due process rights. Upon consideration of the Petition, the memoranda in support thereof and in opposition thereto, and for the reasons stated below, the Petition is GRANTED.

## I.    BACKGROUND

Petitioner is a 34 year-old citizen of Nicaragua. [Doc. No. 1] ¶ 30. On August 23, 2023, Petitioner was paroled into the country under the Nicaraguan Parole Program for a period of two years, or until August 21, 2025. *Id.* ¶¶ 30–31; [Doc. No. 4-1] ¶ 7. Upon arrival, Mr. Espinoza settled in Leesburg, Virginia where he resided until his detention. [Doc. No. 1] ¶ 33.

On March 25, 2025, DHS published a Federal Register Notice announcing the termination of the Cubans, Haitians, Nicaraguans, and Venezuelans ("CHNV") Parole Programs. *See generally* Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans, 90 Fed.

Reg. 13611 (Mar. 25, 2025). On June 12, 2025, DHS issued a Notice of Termination for the CHNV Parole Programs, notifying parole recipients to "leave immediately" "if they have not obtained lawful status." *DHS Issues Notices of Termination for the CHNV Parole Program, Encourages Parolees to Self-Deport Immediately | Homeland Security* (June 12, 2025), https://www.dhs.gov/news/2025/06/12/dhs-issues-notices-termination-chnv-paroleprogram-encourages-parolees-self-deport (last accessed March 26, 2026).[1]

On August 15, 2025, Petitioner filed his Form I-589, Application for Asylum and Withholding of Removal, which is scheduled for a merits hearing before an Immigration Court on May 14, 2026. [Doc. No. 1] ¶ 36, On February 4, 2026, following Petitioner's arrest for charges unrelated to this Petition, Petitioner was taken into civil custody and transported to Caroline Detention Facility, where he remains detained. *Id.* ¶¶ 37–38. On that same date, February 4, 2026, Petitioner was also issued a Notice to Appear ("NTA"), placing him in removal proceedings and charging him as being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission to the United States, was not in possession of any valid entry document. [Doc. No. 4-1] ¶ 9. On March 17, 2026, Petitioner, through counsel, admitted the allegations in the Notice to Appear and conceded the charges of removability. *Id.* ¶ 10. On that same date, March 17, 2026, an

---

[1] It is unclear on the present record whether the notice was sent to Petitioner individually.

Immigration Judge determined that they lacked jurisdiction to issue bond under the government's mandatory detention policy. *Id.* ¶ 11.

## II.    LEGAL STANDARD

"[A] federal court may grant habeas relief only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F. 4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.    DISCUSSION

Petitioner claims that his detention is governed by 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and is therefore entitled to an individualized bond hearing under the INA and Constitution. [Doc. No. 1]. In opposition, Respondents contend that the Court lacks jurisdiction to review Petitioner's request for relief because it concerns the lapse of Petitioner's parole, and the automatic termination of Petitioner's parole satisfies his due process rights.

As an initial matter, the Court concludes that it has jurisdiction over the Petition, which challenges whether Petitioner's detention without a bond hearing comports with the INA and the Constitution. Respondents incorrectly contend that Petitioner is asking this Court to review the "lapse or revocation of Petitioner's parole" that is not reviewable in a habeas petition [Doc. No. 4] at 7. But that mischaracterizes Petitioner's request to review whether, following the lapse of parole, Petitioner can be lawfully detained under 8 U.S.C. § 1225's mandatory detention provisions. In other words, Petitioner challenges "the legality" of his detention without the opportunity to seek bond, which lies at the heart of a habeas action. *Walker v. Wainwright*, 390 U.S. 335, 336 (1968) ("Whatever its other functions, the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention.").

As to the merits, the central question is whether Petitioner is subject at this point to mandatory detention under Section 1225 or discretionary detention under Section 1226, with a right to a bond hearing.

8 U.S.C. § 1225(a) provides that "[a noncitizen] present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). As previously recognized by this Court, "[a]pplicants for admission are either covered by Section 1225(b)(1) or 1225(b)(2)." *Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *4 (E.D. Va. Sept. 29, 2025). By contrast, § 1226(a) sets forth "the default rule" for detaining noncitizens "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Unlike noncitizens subject to § 1225(b), individuals who fall under § 1226(a) are not subject to mandatory detention. 8 U.S.C. § 1226(a).

Respondents contend that Petitioner is subject to 8 U.S.C. § 1225(b)(2)'s mandatory detention provision because Petitioner remains an "applicant for admission" notwithstanding the fact that Petitioner was previously paroled into the country. Respondents position seems to be that because Petitioner's parole has expired, he is transformed again into an "applicant for admission" that is subject to Section 1225(b)(2)'s mandatory detention provision. The Court disagrees.

In *Rezaee v. Bondi*, this Court rejected the Government's efforts to mandatorily detain a petitioner whose parole had expired under Section 1225(b)(1), finding that the application of "§ 1225(b)(1) and its mandatory detention requirement, cannot be reconciled with the text of § 1225(b)(1) or Section 1226, as interpreted by the Supreme Court in *Jennings v. Rodriquez*, as well as the Respondents' own treatment and processing of the Petitioner, including his removal out of Section 1225 and placement into removal proceedings governed by Section 1229a." Order at 6,

4

*Rezaee v. Bondi*, 1:26-cv-277 (E.D. Va. Mar. 20, 2026), Dkt. No. 11. Acknowledging that the petitioner had not been "admitted" for the purposes of Section 1225, the Court found that he was not "arriving in the United States" within the meaning of 8 U.S.C. § 1225(b)(1)(A)(i) since he had already "arrived, was paroled, entered, and has now been present in the United States for over a year." *Id.* (quoting *Qasemi v. Francis*, 2025 WL 3654098, at *6 (S.D.N.Y. Dec. 17, 2025)). The Court went on to analyze the lapse of Petitioner's parole, which by statute provides that upon the expiration of parole, "the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). The Court concluded that "returning the Petitioner to the government's 'custody,' his parole having terminated, simply means that the Petitioner is to 'be dealt with in the same manner as that of any other applicant for admission to the United States.'" *Id.* And since "Petitioner's status as an 'applicant for admission' [under 8 U.S.C. § 1182(d)(5)(A] is not that of an 'arriving alien' under Section 1225 but rather a noncitizen already present in the United States," his "custody" continued under Section 1226(a).

The Court's reasoning in *Rezaee* applies with equal force in this case. Petitioner was paroled upon arrival to the United States, which is "not regarded as an admission" to the United States, 8 U.S.C. § 1182(d)(5)(A). But at the time of Petitioner's detention, which occurred after his parole had expired, he did not revert to an "applicant for admission . . . seeking admission" within the meaning of Section 1225(b)(2). Instead, upon the termination of Petitioner's parole, Petitioner returned to the Government's "custody" under Section 1226 as an individual "already present in the United States." *See Jennings*, 583 U.S. at 303. Having concluded that Petitioner is detained pursuant to § 1226(a), Petitioner's continued detention under section 1226 without a bond

5

hearing violates his substantive and procedural due process rights. *See Quispe*, 2025 WL 2783799, at *7–9.

### IV.   CONCLUSION

For the reasons stated above, the Petition is **GRANTED** and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

**ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a); and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to send copies of this Order to all counsel of record and to terminate the case.

April 20, 2026
Alexandria, Virginia

Anthony J. Trenga
Senior United States District Judge

6